## Miller *v.* Stump, Appellant.

Submitted March 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John A. Hoober,* for appellant.

*Norman T. Petow* and *Horace E. Smith,* for appellee, did not appear or file a brief.

PER CURIAM, April 10, 1946:

Plaintiff, under an oral contract with defendant, laid a walk, curb and gutter along defendant's land. In this action, plaintiff recovered a verdict for the admitted contract price plus the agreed cost of extra work. The question involved was one wholly of fact for the jury and defendant, here, has shown nothing supporting his contention that he is entitled either to judgment n. o. v. or a new trial.

Before the work was begun, the borough established the grade to which the concrete was to be laid, and a borough ordinance required a fall or decline to the curb at the street on all sidewalks of about one-half inch to the foot. The finished work did not comply strictly with the established grade or the requirement of the ordinance. But there is ample testimony that it was the defendant who, before construction, raised the established grade of the gutter at one point and increased the slope of the walk beyond the requirement of the ordinance to meet the level of buildings on defendant's land. He insisted that the work be done as he wanted it, regardless of borough requirements. Because of the variance in grade and the failure to comply with the specification of the ordinance, the borough refused to approve the finished work. Defendant now seeks to invoke

want of borough approval as an excuse for not paying plaintiff the agreed price. The variations in grade and slope were trivial and the borough, though refusing approval, has not and will not require that the changes ordered by the defendant be corrected. The sidewalk as constructed has adequate drainage from the property line to the street, thus fulfilling the purpose of the ordinance, and serves its purpose as a sidewalk in all respects as though laid to exact grade. So, also, the slight change in grade of the gutter, did not affect the drainage of water along the street. Under the terms of the contract plaintiff agreed to perform the work in a manner "satisfactory" to the defendant. There is no complaint as to the quality of plaintiff's work and the jury was justified in concluding that defendant's refusal to pay was wholly capricious. In any view, defendant, having assumed responsibility for the variance from borough specifications, cannot avoid paying the contract price for work done as he directed it.

Judgment affirmed.